**SERICH, Plaintiff-Appellant, v. STRUTHERS CITY BOARD OF EDUCATION et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3753.   Decided March 23, 1955.

Leo Waldman, Youngstown, for plaintiff-appellant.

Theodore Macejko, Youngstown, for defendant-appellee, Struthers City Board of Education.

John Ruffalo, Youngstown, for defendant-appellee, John Scott.

## OPINION

Per CURIAM.

Plaintiff filed the following petition in the court of common pleas:—

"Now comes the plaintiff William J. Serich, and says that he is a resident and a taxpayer of The Struthers City School District and that he brings this action as such resident and taxpayer in his own behalf and on behalf of all other residents and taxpayers of such school district.

"Plaintiff says that the defendant, The Struthers City Board of Education is, under and by virtue of the laws of the State of Ohio, the duly organized and existing Board of Education for the Struthers City School District; that the defendants Hugh F. McPhee, Dr. William L. Lyon, Roy E. Birch, Carl P. Carbon, and George Novak, are the duly elected members of said Board of Education, and as such Board of Education and members thereof, have the duty and obligation of supervising, maintaining and controlling the school property belonging to said school district.

"Plaintiff says that the defendant John Scott is engaged in the business of promoting sporting events, including wrestling matches, under the name of John Scott Enterprises.

"Plaintiff further says that the Board of Education of The Struthers City School District, Mahoning County, Ohio, met in regular session on the 20th day of September, 1948, at the office of the Board of Education to consider the following Resolution To Submit The Question of Bond Issue To The Electors and Certifying Same To The Board of Elections:

"Be It Resolved and hereby determined by the Board of Education of the Struthers City School District, Mahoning County, Ohio, that it is necessary for the purpose of constructing a new building adjacent to the Euclid Avenue High School Building, for the purpose of modernizing the present High School Building on Euclid Avenue, for the purpose of modernizing and enlarging the following elementary school buildings, to wit, Highland Avenue, Center Street, Sexton Street, Fifth Street and Lyon Plat, to issue and sell Seven Hundred Fifty Thousand Dollars, ($750,000.00) of bonds of said School District, said bonds to be dated approximately the 1st day of April, 1949, and shall bear interest at not to exceed 6% per annum; said bonds shall mature in forty (40) substantially equal semi-annual installments over a period of twenty (20) years; and that it is necessary that there shall be annually levied on all the taxable property in the Struthers City School District, Mahoning County,

Ohio, a direct tax outside of the ten mill limitation, to pay the interest on and to retire the said bonds, and be it further

"Resolved, that the question of issuing bonds in the sum of $750,000.00 be submitted to the electors of said School District at the November election to be held at the usual voting places within said School District, on the 2nd day of November, 1948.

"Plaintiff says that the above resolution was adopted by the Board of Education; that it was certified to the Mahoning County Board of Elections; that it was placed on the ballots within said School District; that it was voted on by the electors of said School District at the November 2nd, 1948 election, which voting resulted in the electors passing and adopting said resolution by the vote of 3400 Yes votes and 1700 No votes, which vote was sufficient by law to permit the issuance of said school bonds; that there were in fact School Bonds issued and a new building constructed adjacent to the Euclid Avenue High School Building known as The Struthers High School Memorial Field House, which building is constructed upon school property with funds obtained through the issuance of said school bonds by the Struthers City School District, and which building is part of the Euclid Avenue High School and is itself public school property belonging to the Struthers City School.

"Plaintiff says that the Struthers Board of Education and its members have entered into an agreement, whereby said Field House has been rented by defendant John Scott for the purpose of holding sporting events, including wrestling matches, which are privately promoted for private gain and profit in and upon said public school property all of which has been known by all the defendants, contrary to the General Code of the State of Ohio which specifically sets out the uses and purposes to which public school property may be put.

"Plaintiff says that the Struthers High School Field House has unlawfully been rented to defendant John Scott and is being used with the knowledge, agreement and permission of the Struthers Board of Education and its members for the unlawful purpose of said John Scott's promoting and holding weekly sporting events as set out, including wrestling shows about one day each week for over a year last past, and continuing to date, and unless such use is enjoined, such unlawful use shall continue, in violation of the lawful use for which the building was constructed and might be used, contrary to the intent of the taxpayers and electors of the Struthers City School District when they approved the issuance of the school bonds, and contrary to the Ohio General Code.

"Plaintiff says that there is no adequate remedy at law to protect his rights and the rights of those for whom this suit is brought.

"Plaintiff further says that he brings this action in his own behalf and on behalf of all other taxpayers in the school district for the protection of their rights and property and in so bringing the action has had to employ counsel to represent him and the other taxpayers and has been put to great expense in so defending the rights and property of the taxpayers.

"Wherefore, plaintiff prays for an order enjoining the Struthers Board of Education and Hugh F. McPhee, Dr. William L. Lyon, Roy E.

Birch, Carl P. Carbon, George Novak, Members of the Board of Education from renting, entering into any agreement for use of, or granting permission to defendant John Scott, or any other person, persons or parties to use the public school property for the purpose of holding sporting events, including wrestling matches in said Field House in and upon such public school property, and for an order enjoining defendant John Scott from renting or so using said school property or any school property in said district; and plaintiff asks the court for an allowance for reasonable legal expenses, attorneys fees and court costs."

Defendant, John Scott, d. b. a. John Scott Enterprises, demurred to "the petition upon the ground, among others, that it does not state facts which show a cause of action."

Under authority of §3315.75 **R. C.**, and **88 Oh Ap** 364 on July 13, 1954, the trial judge sustained defendant Scott's demurrer to plaintiff's petition on the ground that it did not state a cause of action against defendants, and on July 26, 1954, dismissed plaintiff's action and entered judgment accordingly.

Plaintiff appealed to this court from the judgment of the trial court on questions of law.

The demurrer of defendant Scott admits as true all material well pleaded allegations of plaintiff's petition, including the allegation that "the Struthers Board of Education and its members have entered into an agreement, whereby said Field House has been rented by defendant John Scott for the purpose of holding sporting events," which allegation if proven establishes that the Board of Education violated the provisions of §3313.76 **R. C.**, and renders the contract unlawful.

Plaintiff has the legal right to attempt to prove that the contract was made to an individual as alleged in his petition, and not to "any responsible organization or group of at least seven citizens."

The Court of Common Pleas erred prejudicially to plaintiff in sustaining the demurrer and dismissing plaintiff's petition.

The judgment sustaining the demurrer and dismissing plaintiff's petition is reversed, and the cause is remanded for further proceedings according to law.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.